**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny C Murray,<br><br>                Plaintiff,<br><br>v.<br><br>Unknown Kopar, et al.,<br><br>                Defendants. | No. CV-26-00266-TUC-RM<br><br>**ORDER** |

Plaintiff Johnny C. Murray initiated this action on May 26, 2026, by filing a pro se Complaint (Doc. 1), and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). For the following reasons, the Court will grant Plaintiff's Application for Leave to Proceed in Forma Pauperis and will dismiss his Complaint with leave to amend.

## I.    Application for Leave to Proceed in Forma Pauperis

The Court may authorize the commencement and prosecution of any action without prepayment of fees if a litigant submits an affidavit showing that he or she is unable to pay the fees. 28 U.S.C. § 1915(a)(1). Plaintiff's Application indicates that he has no monthly income, he has been unemployed for at least the past two years, and he has no savings or assets. (Doc. 2 at 2–3). Furthermore, Plaintiff indicates in the address section of his Complaint that he is homeless. (Doc. 1 at 1.) The Court finds that Plaintiff has adequately demonstrated he is unable to pay the filing fees for this action. Accordingly, the Court will grant Plaintiff's Application for Leave to Proceed in Forma Pauperis.

. . . .

## II.    Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2). Section 1915(e) "applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is]… a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If the Court determines that a complaint could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29.

## III.    Discussion

Plaintiff alleges that Defendants, including federal judges in the State of Oregon,

stole his father's will, took $650 million from his bank account, stole land in Texas, and kidnapped his family, resulting in what Plaintiff describes as "priceless" damages. (Doc. 1 at 3–4.)

A plaintiff may recover under 42 U.S.C. § 1983 if a defendant, acting under color of state law, deprived the plaintiff of a constitutional right. To state a claim under § 1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Conclusory and vague allegations will not support a cause of action, and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff's Complaint does not contain sufficient factual matter to state a claim that is plausible on its face. Plaintiff's Complaint contains only conclusory assertions rather than well-pleaded factual allegations. Furthermore, the Complaint does not establish that this Court has personal jurisdiction over Defendants,[1] nor does it show that venue is proper in this judicial district.[2] Accordingly, the Court will dismiss the Complaint with leave to amend on screening under 28 U.S.C. § 1915(e)(2).

### IV. Leave to Amend

Plaintiff may file an amended complaint within thirty (30) days. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.

---

[1] The Court may exercise personal jurisdiction over defendants who are not residents of Arizona only if those defendants have "certain minimum contacts" with Arizona "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *see also* Ariz. R. Civ. P. 4.2(a).
[2] 28 U.S.C. § 1391(b), provides that a civil action may be brought in:
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Warnings**

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (holding that a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. 2) is **granted**. Plaintiff is granted leave to proceed in this action without pre-paying the filing fees.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed with leave to amend**. Plaintiff may file an amended complaint correcting the deficiencies addressed herein within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court is directed to dismiss this action without prejudice and without further notice to Plaintiff.

Dated this 29th day of July, 2026.

_____
Honorable Rosemary Márquez
United States District Judge